IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ISAAC PETERSON BEY,** | ) | **CASE NO. 1:24 CV 964** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **MICHAEL KENNY, et al.,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

### I. Introduction

*Pro se* plaintiff Isaac Peterson Bey filed this action under 18 U.S.C. §§ 241 and 242 and the "American Treaty of Peace and Friendship" against Michael Kenny, "Priestess" Marisha Cornisha, the State of Ohio, and the Lake County Sheriff's Department. (Doc. No. 1). Plaintiff's Statement of Claim alleges that he was summoned to court on "false charges" when he missed a court date, he was "locked up or kidnapped" at his hearing, and he was forced to pay a ransom. (*Id.* at 4). He seeks $10,000,000 and removal of "fingerprints data and DNA and all other misleading records." (*Id.*).

Plaintiff filed an application to proceed *in forma pauperis*. (Doc. No. 2). The application is granted.

### II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.

Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III. Law and Analysis**

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a pro se plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's very brief

complaint is almost completely devoid of facts, and it fails to connect any alleged occurrence to a specific, cognizable injury. Plaintiff also fails coherently to identify how each defendant has harmed him.

Additionally, Plaintiff does not assert any legal claims. The Treaty of Peace and Friendship between the United States and Morocco does not provide a private cause of action in a civil case. *See Bey v. Sessler*, No. 23-3421, 2024 WL 2078564, at *2 (6th Cir. Feb. 29, 2024)("Courts routinely reject the sort of 'meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans,' such as the arguments included in Bey's filings")(quoting *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017)); *Bey v. Ohio*, No. 1:11-CV-01126, 2011 WL 4688780, at *3 (N.D. Ohio Oct. 4, 2011)("the Treaty of Peace and Friendship and the International Religious Freedom Act do not provide a private cause of action in a civil case"); *Grayson-Bey v. Southfield Police Dep't*, No. CV 19-13588, 2020 WL 7701016, at *2 (E.D. Mich. Nov. 10, 2020)("Plaintiff's invocation of the Treaty of Peace and Friendship is "facially frivolous"). Likewise, Sections 241 and 242 are criminal statutes and they do not provide a private right of action in a civil case. *See Booth v. Henson*, 290 Fed. App'x 919, 2008 WL 4093498, at *1 (6th Cir. 2008); *U.S. v. Oguaju*, 76 Fed. App'x. 579, 2003 WL 21580657, *2 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Plaintiff therefore lacks standing to assert violations of 18 U.S.C. §§ 241 and 242. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing among authority Diamond v. Charles, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)).

Without any indication of a viable legal claim or sufficient facts to determine the factual basis for his complaint, Plaintiff fails to meet the minimum pleading requirements of Rule 8.

*Iqbal*, 556 U.S. at 678.

## IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 30, 2024